IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01576-WYD-MJW

QFA ROYALTIES LLC, a Delaware limited liability company;
QUIZNO'S FRANCHISING II LLC, a Delaware limited liability company; and
QIP HOLDER LLC, a Delaware limited liability company,

    Plaintiff(s),

v.

JOHN SCHODRON and
DAWN SCHODRON,

    Defendant(s).

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Remand, filed September 7, 2006 (docket #19).  This is an action for specific performance, damages and other relief in which Plaintiffs QFA Royalties, LLC, Quizno's Franchising II LLC, QIP Holder LLC (collectively "QFA"), a Denver-based franchisor, assert claims for breach of certain provisions of the Franchise Agreement between the parties, as well as claims for defamation, intentional interference with contractual relations, tortious interference with prospective business relations, product/business disparagement and deceptive trade practices in violation of the Colorado Consumer Protection Act. Complaint ¶ 2.

QFA filed this action in District Court, for the City and County of Denver Colorado on or about June 29, 2006.  Defendants filed a Notice of Removal on August

10, 2006, asserting federal diversity jurisdiction pursuant to 28 U.S.C. ¶¶ 1332(a) and 1441, *et seq.* On September 7, 2006, QFA filed its motion to remand pursuant to 28 U.S.C. § 1477(c), contending that Defendants waived their right to removal by agreeing to waive any objection to venue in the Franchise Agreement.  The portion of the Franchise Agreement at issue states in relevant part that:

> Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship.  Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and <u>each party waives any objection it might have to the personal jurisdiction or for venue in such courts</u>.

Motion to Remand at 2; citing Franchise Agreement, § 21.1 (emphasis added).  QFA contends that by agreeing to this clause, Defendants "waived their right to remove this case" from the State District Court to this Court.  Defendants maintain that the Franchise Agreement provides that venue is proper in either federal or state courts of Colorado, and does not waive their right to removal, or grant Plaintiff the exclusive right to select the forum.

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  "Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed and the

state court proceedings are to be interfered with once, at most.  This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a federal court." *In re La Providencia Development Corporation*, 406 F.2d 251, 253 (1st Cir. 1969) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  Here, QFA does not assert that this Court lacks jurisdiction, but that Defendants waived their right to remove.

The statutory right to remove a case from state to federal court can be waived so long as the waiver is "clear and unequivocal." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).  The issue, therefore, is whether the language in the Franchise Agreement is a clear, unambiguous waiver of Defendants' right to remove.  I note that this issue was recently considered in two other cases pending in this Court: *QFA v. Petke*, Civil Action No. 06-cv-01633-WDM-CBS (docket #29); and *QFA v. Bogdanova, et al.*, Civil Action No. 06-cv-01776-LTB (docket #13).  In *Petke*, Judge Miller concluded that the clause in the Franchise Agreement was not ambiguous and granted QFA's motion to remand.  In *Bogdanova*, Judge Babcock concluded that the cause was ambiguous, and denied the motion to remand.

I have considered both decisions, and am persuaded by the reasoning in *Bogdanova*.  In that case, Judge Babcock found that the language in the Franchise Agreement stating that the parties waive their objections to the personal jurisdiction or venue in "such courts," referring to the Denver District Court or the United States District Court in Colorado, meant that the parties waived their right to litigate outside of

those "courts" - not that the parties waived their right to remove from one court to another.  In addition, the waiver language in the Franchise Agreement refers to the parties' rights to challenge personal jurisdiction and venue.  As Judge Babcock noted in *Bogdanova*, by removing this case, Defendants do not challenge personal jurisdiction or venue in Denver, but rather assert their right to a federal forum based on subject matter jurisdiction.

I adopt the reasoning and authorities cited by Judge Babcock in the *Bogdanova* decision and conclude that the language in the Franchise Agreement does not constitute a clear and unequivocal waiver of the right to remove.

In conclusion, it is hereby

ORDERED that Plaintiffs' Motion to Remand, filed September 7, 2006 (docket #19) is **DENIED**.

Dated:  February 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge